Pioneer Mutual Benefit Association, a Corporation et al. [1] v. Commissioner. Pioneer Mut. Ben. Assn. v. Commissioner
Docket Nos. 108043, 108044, 108045, 108049, 108891, 110285.
United States Tax Court
1943 Tax Ct. Memo LEXIS 261; 2 T.C.M. (CCH) 214; T.C.M. (RIA) 43266; June 8, 1943
*261 David P. Jones, Esq., for the petitioners in Docket Nos. 108043 and 108045. Allan K. Perry, Esq., for the petitioners in Docket Nos. 108044 and 110285. C. R. Sullivan (an officer), for the petitioner in Docket No. 108049. Z. Simpson Cox, Esq., for the petitioner in Docket No. 108891. Samuel Taylor, Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: The Commissioner determined the following deficiencies in income tax: Docket
Deficiencies
Number
Petitioner
1937
1938
108043
Pioneer Mutual Benefit Assn
$497.61
108044
National Union Insurance Co.
290.24
108045
Postal Benefit Insurance Co.
$3,505.06
430.02
108049
National Benevolent Society of America
573.81 [2]
517.06
108891
National Reserve Insurance Co.
240.40
669.57
110285
International Insurance Co.
159.28
165.85
The issues framed by the pleadings are (1) whether the reserve funds petitioners were required to maintain by the Arizona Benefit Corporation Law of 1937 are true life insurance reserves, qualifying *262 petitioners as life insurance companies for tax purposes; and (2) if it be held that they are to be taxed as mutual insurance companies other than life, whether additions to reserves were required by law to be made so as to be deductible under sect&on 207 (c) (1) (A) of the Revenue Acts of 1936 and 1938. Each proceeding was submitted upon the pleadings and a stipulation of facts. Because the issues are the same and the controlling facts are substantially so in each docket, the proceedings are hereby consolidated for opinion. The returns were filed with the Collector for the district of Arizona, with the exception of the return of International Insurance Company for 1937, which was filed in the district of Colorado. [The Facts] The stipulated facts are adopted as our findings. A brief and general statement of the decisive facts is all that need be made here. Each of the petitioners was incorporated under sections 607 to 610 of the Arizona Revised Code of 1928, relating to benefit societies, which did not require the maintenance of any type of reserve. . These sections were materially *263 amended and revised by Chapter 36 of the Arizona Session Laws of 1937, sections 53-601, et seq.), which became effec-known as the Benefit Corporation Law of 1937 (Arizona Code, 1939, sections 53-601, et seq.), which became effective on June 12, 1937. Since that date all the petitioners have been engaged in business under the latter act and in no other business. Each of the petitioners, during the tax year or years applicable to it, issued or had in force various policies of life insurance and policies of combined life, health, and accident insurance. [3] The total income of each petitioner, with a minor exception in Docket No. 108049, consisted of premium payments upon such policies, and there was no income from dividends, interest, or rents. *264 The requirements of the Arizona Benefit Corporation Law of 1937 with respect to reserve funds, as interpreted by the Arizona Supreme Court in , are set forth in . In performing the functions delegated to it by that act, the state corporation commission has required that petitioners create and maintain reserves calculated upon the basis of the American Experience Table of Mortality with 3 1/2 per cent interest, or the approximate equivalent thereof. Consequently, the commission has approved the use of policies providing for reserves of at least 50 per cent of premiums after the first year from date of issuance, if the premiums proposed in the policies were sufficient that reserves so computed would be substantially equivalent to reserves based upon accepted mortality tables. To determine whether the rates of premiums were sufficient for this purpose, the commission has referred all policies, prior to their approval, to an insurance actuary; and the commission has approved policies which, according to the actuary's *265 report, proposed a reserve fund equivalent to one based upon the American Experience Table of Mortality with 3 1/2 per cent accretions. The reserves provided for in the policies issued by petitioners were calculated upon various methods: in Docket No. 108043 the reserve is 60 per cent of all premiums after the first six monthly premiums; in Docket No, 108044 the reserve under some of the policies is 50 per cent of all premiums, and under others, 25 per cent of the first year's and 60 per cent of all subsequent premiums; in Docket No. 108045 the reserve under certain of the policies was actuarially computed and under others a certain percentage (60 or 70 per cent) of all premiums after the first year; in Docket No. 108049 the reserve is 70 per cent of all premiums after the first year; in Docket No. 108091 the reserve is 50 per cent of the first year's premiums after the first month and 66 2/3 per cent of all subsequent premiums; and in Docket No. 110285 the reserve is 50 per cent of all premiums after the first monthly payment. Each of the policies issued by each of the petitioners was submitted to the Arizona Corporation Commission after June 12, 1937 for approval as required by *266 law. In accordance with its practice and rulings the policies were approved after their submission to an actuary and a report by him that the rates of premiums would be sufficient that reserves computed as proposed in the policies would approximate reserves computed upon the American Experience Table of Mortality with 3 1/2 per cent interest. Mortuary and reserve funds were created and maintained by petitioners in accordance with the provisions of the several policies. The reserve funds created and maintained by each petitioner for the purpose of paying the benefits provided for in the several policies comprised more than 50 per cent of the total aggregate reserves of each petitioner throughout the tax year or years applicable to it. [Opinion] In all essential respects these proceedings are on all fours with , which was submitted at the same time as the instant proceedings, and the decision therein must govern the disposition to be made here. On authority of that case and for the reasons set forth therein, we hold that each of the petitioners was a life insurance company within the meaning of section 201 (a) of the *267 Revenue Act of 1936 and/or the Revenue Act of 1938. It is thus unnecessary to consider petitioner's alternative contention, and in so holding we have passed upon the only issue fairly raised by the pleadings which in our opinion it is necessary to decide. Decisions will be entered under Rule 50.
Footnotes
1. Proceedings of the following petitioners are consolidated herewith: National Union Insurance Company; Postal Benefit Insurance Company; National Benevolent Society of America; National Reserve Insurance Company; International Insurance Company.↩
2. In this docket the Commissioner asserts a penalty of 25% of the amount of the 1937 tax, or $143.45, for failure to file a return within the time prescribed by law.↩
3. Two of the policies involved in Docket No. 108044 and one each in Docket Nos. 108045 and 110285 appear to be merely casualty insurance in that they provide death benefits only in case of accidental death. The stipulated facts do not disclose the percentage of premiums received on such policies or of the reserves maintained therefor. Because of the large number of policies involved, these particular policies are a rather de minimis factor, which the parties have disregarded in presenting the basic issue. We shall do likewise.↩